

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

WW-516 t
Overruled by WW-476
where conflict

Hon. L. A. Wood
State Superintendent
Public Instruction
Austin, Texas

Attention: Hon. T. M. Trimble

Dear Sir:

Opinion No. O-1664
Re: One appointed to the office of
County School Superintendent
may hold the office until the
next general election, irre-
spective of the length of the
unexpired term of his prede-
cessor.

Your letter of November 6, 1939, to Gerald C. Mann, Attorney
General of Texas, has been received by this department. Your
letter states that Mrs. Guy T. Newton has been appointed to
fill the unexpired term of her deceased husband as County
Superintendent. You quote from a letter received by you from
Mrs. Newton as follows:

"In my special case, my husband's term would have
expired January 1, 1943, since this is a four year office
and he had served not quite one year of his term. I am told
that I can hold it until the next general election, but it
seems to me this sould be interpreted as meaning until the
next general election for this office, which would occur in
1942. Which interpretation is correct?"

Your attention is directed to Article 2688, Revised Civil
Statutes of Texas, as follows:

"The Commissioners' Court of every county having three
thousand scholastic population or more as shown by the
preceding scholastic census, shall at a general election
provide for the election of a County Superintendent to
serve for a term of four years, * * *"

Then, we direct your attention to Article 2355, Revised Civil
Statutes of Texas, as amended by the Acts of 1927, Fortieth
Legislature, wherein the Commissioners' Court is given the
power to fill vacancies, as follows:

"The court shall have power to fill vacancies in the

office of: county judge, county clerk, sheriff, county attorney, county treasurer, county surveyor, county hide inspector, assessor of taxes, collector of taxes, justices of the peace, constables and county superintendent of Public Instruction. Such vacancies shall be filled by a majority of the members of said court, present and voting, and the person choosen shall hold office until the next general election." (Underscoring ours).

You will note that the above statutory provision, Article 2355, applies to the filling of vacancies in county offices. Whereas, Article 4, Section 12 of the Constitution of Texas applies to the filling of vacancies in state and district offices by appointment of the Governor, as follows:

"All vacancies in state or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its Session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its Session. If rejected, said office shall immediately become vacant, and the Governor shall without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the Session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the Session or until the Regular Session to said office, should it sooner occur. Appointments to vacancies in offices elected by the people shall only continue until the first general election thereafter." (Underscoring ours.).

Prior to 1931, the office of county school superintendent was for a term of two years. Since 1931, the office of county school superintendent has been for a term of four years. The other county offices enumerated in Article 2355 are for terms of two years. There are numerous district and state offices for longer terms than two years, and irrespective of the length of the unexpired term of the appointee's predecessor, the appointee may only hold office until the next general election. There has been no judicial construction of Article 2355, aforesaid, as to the office of county school superintendent. However, the language is clear and is not

subject to a contrary construction than that the appointee must be up for election, and that the office is open to election at the next general election, and that the term of the appointee will expire on January 1st following the next general election. That is, where an elective office is vacant and is filled by appointment of the Governor or Commissioners' Court, such appointive power is only a matter of expediency in that the will and power of the people will prevail to name the incumbent at the next general election.

Believing this to answer your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Pat Coon

By

Pat Coon
Assistant

PC:ob/cg

APPROVED NOV. 17, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee
By BWB, Chairman